IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02184-BNB

R. EUGENE STOCKTON-BEY,

    Plaintiff,

v.

LASHAWN L. WILLIAMS,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 04 2011

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, R. Eugene Stockton-Bey, has filed *pro se* an amended complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 for money damages and injunctive relief.  Mr. Stockton-Bey has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Stockton-Bey's filings liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Stockton-Bey will be directed to file a second amended complaint.

Mr. Stockton-Bey alleges that on April 19, 2011, the defendant, Lashawn Williams, made false statements to the police that led to his arrest.  He makes other confusing allegations concerning the violation of a restraining order; dismissal of the case against him on May 19, 2011; and subsequent reinstatement of the case.

Mr. Stockton-Bey's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In order for Mr. Stockton-Bey to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Stockton-Bey fails to assert jurisdiction pursuant to any statutory authority.  He also set forth a short and plain statement of his claims showing he is entitled to

relief.  His allegations are repetitive, confusing, and conclusory, and fail to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Mr. Stockton-Bey must present his claims in a manageable format that allows the Court and the defendant to know what claims are being asserted and to be able to respond to those claims.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Stockton-Bey will be directed to file a second amended complaint that complies with the pleading requirements of Rule 8.  In the second amended complaint, Mr. Stockton-Bey must allege, simply and concisely, his specific claims for relief.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Stockton-Bey, therefore, will be directed to file a second amended complaint that asserts a basis for this Court's jurisdiction, states his claims clearly and concisely, and asserts what rights were violated.  Accordingly, it is

ORDERED that Plaintiff, R. Eugene Stockton-Bey, file **within thirty days from the date of this order** a second amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Stockton-Bey shall obtain the Court-approved complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Stockton-Bey fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED October 4, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-02184-BNB

R Eugene Stockton-Bey
8055 E Colorado Ave #3
Denver, CO 80231

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 4, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk